UNITED STATE DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| In Re Petition of | MISC. NO. 05-59 (PAM/JSM) |
| | **AMENDED** |
| DUE MINH HA | <u>REPORT AND RECOMMENDATION</u> |

This matter is before the Court on Petitioner's Petition to Amend Certificate of Naturalization [Docket No. 1] to reflect his alleged true birth date. In particular, Petitioner seeks to change his date of birth on his Petition for Naturalization and Certificate of Naturalization from August 19, 1959 to September 13, 1957.

Petitioner is represented by Erik F. Hanson, Esq.; respondent United States Citizenship and Immigration Services is represented by Assistant U.S. Attorney Robyn A. Millenacker.

This matter has been referred to the undersigned Magistrate Judge for a Report and Recommendation by the District Court pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 72.1(b). Based upon the pleadings and for the reasons discussed below, it is recommended that Petitioner's Petition to Amend Certificate of Naturalization [Docket No. 1] be **DENIED**.

I.      <u>FINDINGS OF FACT</u>

Petitioner, born in Vietnam, claims that he sought to leave the country with his family only to be captured and jailed by the Vietnamese communist government. <u>See</u> Petition to Amend Certificate of Naturalization ("Petition"), ¶ III(a). According to Petitioner, all of his papers were confiscated during his six-month incarceration. <u>Id.</u> In April of 1979, Petitioner and his family escaped from Vietnam via a boat to Indonesia. <u>Id.</u>, III(c). Petitioner asserts that he was 20 years old when he left Vietnam. <u>Id.</u> In Indonesia, Petitioner was placed by

1

the United Nations in a refugee camp. Id., III(d).

As part of his application for refugee status to the United States, Petitioner underwent a medical examination on August 9, 1979, which stated that Petitioner was 20 years old. See Gov't Ex. A at pp. 36-37. In addition, on August 9, 1979, as a part of his application for refugee status, Petitioner signed a fingerprint card with his birth date listed as 8/19/1959, and Petitioner filled out a family relationship form listing the year of his birth as 1959 and his age as 20. Id. at pp. 32, 35. Further, Petitioner's parole document for refugee status in the United States, issued on January 17, 1980, listed Petitioner's birth date as August 19, 1959. Id. at p. 30.

Petitioner claims that his birth date was incorrectly recorded in his United Nations' immigration documents and that the first time he noticed the incorrect birth date was upon his arrival into the United States in August 1980. See Petition, ¶ III(e). According to Petitioner, he asked immigration officials in the United States to change his birth date when he was residing in South Dakota and applied for a green card,[1] but he was refused because he lacked documentation to establish his correct birth date. Id.

On April 15, 1981, Petitioner listed his date of birth as 8/19/1959 in both his Form I-485, Application by Indochinese for Permanent Residence and on Form G-325A, Biographical Information. See Gov't Ex. A at pp. 19-20, 28. Further, in a Demographic Data Form, Petitioner represented that his birth date was August 19, 1959 and that he lived in Vietnam from 1959 to 1979. Id. at p. 22.

On July 25, 1990, the United States District Court, District of Minnesota, granted Petitioner citizenship of the United States. See Govt. Ex. A at p. 2 (Certificate of Nationality). In his Application for Naturalization dated March 26, 1990 and sworn to by

---

[1]  Petitioner did not indicate when he made the request for the green card.

2

Petitioner on May 17, 1990, Petitioner represented that his date of birth was August 19, 1959. See Govt. Ex. A at pp. 6, 8, 13.  The Naturalization Certificate issued to Petitioner on July 25, 1990, listed Petitioner's date of birth as August 19, 1959, and Petitioner certified that this information was true.  Id. at p. 2.

Petitioner alleged that he attempted to correct his birth date when he applied for citizenship, but was told that he needed to obtain a copy of his birth certificate in order to change the date.  See Petition, ¶ III(f).  While records show that Petitioner sought to change his name as part of his naturalization, from "Mihn Duc Ha" to "Duc Mihn Ha", there is no record to indicate that he also sought to change his date of birth as a part of his naturalization.  See Govt. Ex. A at p. 6.   According to Petitioner, he was unable to obtain a birth certificate at the time he applied for citizenship because the United States and Vietnam did not have diplomatic relations.  Id.  After restoration of relations between the United States and Vietnam,[2] Petitioner claims that he returned to Vietnam and with the help of his uncle, sought a copy of his birth certificate showing his correct birth date as September 13, 1957.  See Petition, ¶ III(g).  Petitioner provided the Court with the birth extract he received in March 2005, along with an accredited translation.  Id., III(h).  The birth extract states that Petitioner was born on September 13, 1957.  Id., Ex. A.

Petitioner subsequently submitted this birth extract to the Social Security Administration in order to correct his birth date, which advised him that it would not correct his birth date until it was corrected with the immigration service.  See Petition, ¶ III(i).

Petitioner also submitted Affidavits from his mother and three sisters attesting his date of birth was September 13, 1957.  See Petition, Exs. B-E.

---

[2]   Petitioner did not state when relations between the United States and Vietnam were restored.

Petitioner seeks a new Certificate of Naturalization reflecting that his date of birth is September 13, 1957. The United States Citizenship and Immigration Services opposes the relief requested in the Petition. This matter was taken under advisement without oral argument.

## II.    DISCUSSION

The applicable federal regulations for certificates of naturalization governing Petitioner's request are set forth at 8 C.F.R. § 338.5 and 8 C.F.R. § 334.16(b). Those regulations state that "[w]henever a Certificate of Naturalization has been delivered which does not conform to the facts shown on the application for naturalization, or a clerical error was made in preparing the certificate, an application for issuance of a corrected certificate . . . may be filed by the naturalized person." 8 C.F.R. § 338.5(a). If the district director of the Citizenship and Immigration Service ("CIS") finds a correction is "justified", the certificate can be corrected. See 8 C.F.R. § 338.5(b).

With respect to requests for changes of the date of birth on a certificate, the federal regulations provide express limitations on what the district director of CIS can do:

> The correction will not be deemed to be justified where the naturalized person later alleges that the name or date of birth which the applicant stated to be his or her correct name or date of birth at the time of naturalization was not in fact his or her name or date of birth at the time of the naturalization.

8 C.F.R. § 338.5(e).

In addition to permitting the CIS's district director to change the date of birth of a naturalized person under certain circumstances, a regulation entitled "Amendment of Petition for Naturalization" permits courts to order amendments to Petitions for naturalization. 8 C.F.R. § 334.16(b). That regulation provides:

> Whenever an application is made to the court to amend a Petition for naturalization after final action thereon has been

4

> taken by the court, a copy of the application shall be served upon the district director having administrative jurisdiction over the territory in which the court is located, in the manner and within the time provided by the rules of court in which application is made. No objection shall be made to the amendment of a Petition for naturalization after the Petitioner for naturalization has been admitted to citizenship if the motion or application is to correct a clerical error arising from oversight or omission. . . . When the court orders the Petition amended, the clerk of court shall transmit a copy of the order to the district director for inclusion in the Service file.

8 C.F.R. § 334.16(b).

"While the United States Citizenship and Immigration Services' regulations may not permit it to administratively amend the birth date on a Certificate of Naturalization in the absence of a clerical error, 8 C.F.R. §§ 338.5, 334.16, this Court has the power to order such an amendment. 8 C.F.R. § 334.16(b)." Kouanchao v. U.S. Citizenship and Immigration Services, 358 F. Supp.2d 837, 838, 840 (D. Minn. 2005); see also Varghai v. INS, 932 F. Supp. 1245, 1246 (D. Ore. 1996). However, "courts have consistently refused such applications to change a birth date on a certificate of naturalization "absent unequivocal evidence as to the applicant's true date of birth." Liu v. I.N.S., No. 98-MC-139, 1998 WL 809037 at *2 (Nov. 17, 1998) (citing Matter of Ohanian, 1995 WL 62733 (E.D.N.Y. Feb. 7, 1995); Applications of Yu Hong Ting, 446 F. Supp. 203 (S.D.N.Y. 1978); Application of Chan, 426 F. Supp. 680 (S.D.N.Y. 1976); In re Konsh's Petition, 188 F. Supp. 136 (E.D.N.Y. 1960); Petition of Garcia, 65 F. Supp. 143 (W.D.Pa. 1946); Petition of Cohen, 53 F.2d 865 (S.D.N.Y. 1931)). "[T]he burden is on the Petitioner to demonstrate that the birth date given on the Certificate of Naturalization is not correct." Application of Ting, 446 F. Supp. 203, 204 (S.D.N.Y. 1978); see also Kouanchao, 358 F. Supp.2d at 838 ("Kouanchao bears the burden of showing that the date on his Certificate of Naturalization is incorrect and that February 3, 1937, is his correct date of birth.") (citation omitted).

5

The Government argues that there are several reasons why this Court should deny the Petition to Amend. First, Petitioner claims in his Petition that he did not realize until 1980 that his birth date was incorrectly recorded in his immigration document. The Government asserts that this claim is contradicted by the fact that Petitioner used his 1959 birth date as early as 1979 in his asylum papers, and continued to use it throughout the process of obtaining permanent status and naturalization. See Gov't Objection at pp. 10-11. Based on this information, the Government argues that the appearance of the 1959 birth year was not a result of a clerical error. Id.

Next, the Government argues that this Court should deny the Petition because the administrative record shows that Petitioner underwent a medical examination as part of the visa application process in 1979. Id. at p. 12. The medical examination provided that he was 20 years old as of August 9, 1979, which would have made 1959 the year of Petitioner's birth. Moreover, the Government notes that Petitioner admitted in his Petition that he was 20 years old in 1979, confirming his birth year as 1959. Id.

Further, the Government relies on the fact that each time Petitioner sought benefits for refugee status, permanent residency, and naturalization as a United States citizen, he represented his birth date as August 19, 1959. Id. The Government also notes that although Petitioner changed his name as a part of his naturalization, there are no records to support his claim that he attempted to correct his birth date. Id.

Finally, the Government questioned the authenticity of the birth certificate presented by Petitioner, given the high rate of fraudulent civil documents coming from Vietnam, and that Petitioner's birth certificate was not attested to nor certified by a an officer from the Unites States Foreign Services in the country where the record originated. Id. at p. 13.

Based on these facts, the Government contends there is reasonable suspicion about

6

the veracity of Petitioner's claim that his true date of birth is September 13, 1957.  The Government also intimates that Petitioner may be seeking to change his date of birth in order to obtain early retirement, from his place of employment.  Id. at p. 14 n. 5.

This Court concludes that the instant Petition should be denied for several reasons.  First, unequivocal evidence as to the Petitioner's true date of birth is lacking.  According to the United States Department of Foreign Affairs, "[f]raudulent civil documents are common in Vietnam and it has been relatively easy to establish false identities both before and after 1975."  See United States Department of Foreign Affairs Manual Volume 9 on Visas, attached as Gov't Ex. B at p. 6.  As such, the fact that Petitioner has produced a Birth Extract from Vietnam stating his birth as September 13, 1957 is by itself not determinative.[3]

Instead, the evidence shows that each time Petitioner sought benefits -- as a refugee, for permanent residency, and for naturalization as a United States citizen -- he represented his birth date was August 19, 1959.  On August 9, 1979, as a part of his application for refugee status, Petitioner signed a fingerprint card with his birth date listed as 8/19/1959, and stated in a family relationship form that the year of his birth was 1959 and his age was 20.  Id. at pp. 32, 35.  In addition, Petitioner's August 9, 1979 medical examination in support of his application for refugee status stated that Petitioner was 20 years old on this date, suggesting that he was born in 1959 and not 1957.  On January 17, 1980, Petitioner's parole document for refugee status in the United States listed his birth date as August 19, 1959.  Id. at p. 30.  Further, when Petitioner sought permanent

---

[3]     The Government asserted that Petitioner's Birth Extract is not an adequate record, as foreign records, such as birth certificates, must, pursuant to 8 C.F.R. § 287.6, be attested copies and certified by an officer from the United States Foreign Service, stationed in the foreign country where the record is kept.  See Gov't Mem. at p. 13.  However, 8 C.F.R. § 287.6 is not the only means of authenticating records before immigration officials.  Cao He Lin v. U.S. Dept. of Justice, 428 F.3d 391, 404-05 (5th Cir. 2005) (citing Cao He Lin v. U.S. Dept. of Justice, 428 F.3d 391 (2nd Cir. 2005); C-Y-Z, 21 I. & N. Dec. at 918).

residency, he listed on April 15, 1981 his date of birth as 8/19/1959 in both the Form I-485, Application by Indochinese for Permanent Residence, and the Form G-325A, Biographical Information.  Id. at pp. 19-20, 28.  Additionally, in a Demographic Data Form, Petitioner stated that his birth date was August 19, 1959 and that he lived in Vietnam from 1959 to 1979.  Id. at p. 22.  In his Application for Naturalization dated March 26, 1990 and sworn to as true on May 17, 1990, Petitioner again represented that his date of birth was August 19, 1959.  Id. at pp. 6, 8, 13.  On July 25, 1990, Petitioner certified on his Naturalization Certificate that his date of birth of August 15, 1959 was true.  Even in the instant Petition, dated November 9, 2005, Petitioner admitted that he was 20 years old in April of 1979, supporting the conclusion that he was born in 1959 and not in 1957, as he now claims.  See Petition, ¶ III(c).[4]  The overwhelming evidence before this Court does not support Petitioner's claim that his true date of birth was September 13, 1957.

To the extent that Petitioner has relied on the Affidavits from his mother and three sisters attesting that his date of birth was September 13, 1957, (see Petition, Exs. B-E), this Court notes that one of the three sisters was not yet 4 years old at the time Petitioner was born, and the second of three sisters was only six years old.  This Court questions whether these two sisters could remember the day Petitioner was born, given their respective ages at the time, and given they provided no information in their Affidavits as to how they knew that September 13, 1957 was Petitioner's correct date of birth.  The affidavits from all of Petitioner's relatives is not enough to satisfy Petitioner's burden of providing this Court with unequivocal evidence as his true date of birth.

Second, Petitioner has not given this Court justification or good cause to amend the

---

[4]  More importantly, Petitioner never sought to correct his Petition or in any way contest the Government's claim that he had essentially admitted that his year of birth was 1959.

Certificate of Naturalization.  See Kouanchao, 358 F. Supp.2d at 840 (finding good cause to grant Petition); see also In re Konsh's Petition, 188 F. Supp. at 138 (finding good cause lacking).  While Petitioner claims that he knew as of 1980 that the incorrect birth date of August 19, 1959 had been used in support of his request for refugee status in 1979, he nevertheless intentionally continued to use this date in 1981 in connection with his request for permanent residence and in again, in 1990, in connection with his Petition for Naturalization.  See Shrewsbury v. I.N.S., No. 94-16736, 1996 WL 64988 at *1 (9th Cir. 1996) (Ninth Circuit affirmed district court's refusal to grant motion to amend birth date in Naturalization Certificate where the petitioner sought to "correct a deliberate falsehood."). In fact, Petitioner stated in his Petition for Naturalization: "I swear [affirm] that I know the contents of this Petition for naturalization subscribed by me, and that the same are true to the best of my knowledge and belief, and this Petition is signed by me with full, true name. So help me God." Govt. Ex. A at p. 6.  And again, when Petitioner signed the Certificate of Immigration, which set forth his date of birth as August 19, 1959, he stated: "I certify that the description above given is true, . . ." Id. at p. 2.

Further, there is no evidence before this Court to support Petitioner's claim that he ever asked any immigration officials to change his birth date to September 13, 1957, at any time after he learned that it had been incorrectly stated.

Finally, this Court questions why it took Petitioner until March 2005, almost ten years after the normalization of relations with Vietnam, to obtain his birth extract.  Petitioner stated he received a copy of his birth certificate in March of 2005. Id., ¶ III(i).  Petitioner also represented that he could not get a copy of his birth certificate due to a lack of diplomatic relations with Vietnam and it was only after diplomatic relations between the United States and Vietnam were restored, that he returned to Vietnam and sought to obtain

9

a birth certificate. See Petition, ¶ III(h). However, "President Clinton announced the formal normalization of diplomatic relations with Vietnam on July 11, 1995. Subsequent to President Clinton's normalization announcement, in August 1995, both nations upgraded their Liaison Offices opened during January 1995 to embassy status." U.S. State Department Background Note: Vietnam http://www.state.gov/r/pa/ei/bgn/4130.htm. Petitioner's delay in obtaining the purported correct birth extract, coupled with his failure to challenge the Government's suggestion that he may be seeking to change his date of birth in order to obtain an earlier retirement, places into doubt the reasons for his present attempt to have his birth date amended.

In summary, given the lack of unequivocal evidence as to Petitioner's true birth date, coupled with his deliberate misrepresentation of his true birth date on several occasions and delay in obtaining a copy of the birth extract from Vietnam, this Court finds that good cause to amend Petitioner's Certificate of Naturalization is lacking.[5]  On this record,

---

[5]   Although the facts in this case bear some resemblance to the facts presented in Kouanchao, supra, another case from the District of Minnesota in which the court granted a petition to amend a certificate of naturalization, this case is sufficiently different to warrant denial of the Petition. As a 19-year-old youth in Laos, Kouanchao obtained a false birth certificate showing his birth date as January 6, 1944, in order to register for high school. 358 F. Supp.2d at 838. Kouanchao continued to use the 1944 birth date throughout his immigration naturalization proceedings in the United States and his Certificate of Naturalization, issued in 1984, stated that his birth date was January 6, 1944. Id. In 1998, Kouanchao provided to the Social Security Administration ("SSA") a listing of the birth order of the Kouanchao and his siblings that supported a 1937 birth date, two affidavits from persons who had observed his birth attesting that his birth date was February 3, 1937, and a 1995 Laotian delayed birth certificate, which contained the signatures of three witnesses verifying the Kouanchao's year of birth as 1937. Id. Based on this evidence, the SSA amended Kouanchao's Social Security records to indicate that 1937 was his year of birth. Id. Kouanchao also obtained a Minnesota driver's license reflecting the 1937 birth date. Id. When his U.S. passport expired in July 2004, Kouanchao was unable to obtain a renewed passport because the birth date on his Certificate of Naturalization and expired passport did not match the birth date on his driver's license. Id. Kouanchao then sought an order from the district court amending the Certificate of Naturalization to show his correct birth date as February 3, 1937. The district court found that the fact that Kouanchao swore multiple times throughout the immigration and naturalization process that the 1944 birth date was

Petitioner has failed to meet his burden of proof and the relief requested by Petitioner should be denied.

## **RECOMMENDATION**

Based upon all of the files, records, and proceedings herein, IT IS HEREBY RECOMMENDED that Petitioner Due Minh Ha's Petition to Amend Certificate of Naturalization [Docket No. 1] be **DENIED**.

Dated: June 1, 2006

                                            s/ *Janie S. Mayeron*
                                            JANIE S. MAYERON
                                            United States Magistrate Judge

---

correct, was not enough to deny his petition. Id. In addition, while the court acknowledged that delayed birth certificates offered the opportunity for fraud, Kouanchao's birth certificate contained the signatures of three persons with knowledge of his birth date and Kouanchao had provided affidavits of two other witnesses who had witnessed his birth. Id. The court also found that changing the date on his Certificate of Naturalization conferred no undue benefit on Kouanchao. Id. at 839.

In this case, Petitioner, like Kouanchao, swore multiple times throughout the immigration and naturalization process that the 1959 birth date was correct. Petitioner also provided this Court with a birth extract, however, unlike Kouanchao, there were no signatures of witnesses on his birth extract. In addition, while Petitioner provided affidavits of family members attesting that his birth year was 1957, those individuals did not state how they had knowledge of Petitioner's birth (except of course, Petitioner's mother who would have implicit knowledge), whereas, in Kouanchao, the affiants stated that they witnessed the Kouanchao's birth and there is no indication that the affiants may have been family members with a stake in the outcome. Moreover, in this case, unlike Kouanchao, Petitioner has admitted in his Petition that he was born in 1959, and waited almost 25 years from when he discovered the incorrect birth date to the date he finally obtained a correct copy of his birth extract. Finally, unlike Kouanchao, there is some evidence before this Court to suggest Petitioner is seeking to change his birth date to obtain early retirement. In other words, there is no unequivocal evidence as to Petitioner's birth date and unlike Kouanchao, there is an indication that Petitioner may be attempting to change his birth date for an undue benefit.

Under D.Minn. LR 72.2(b) any party may object to this Report and Recommendation by filing with the Clerk of Court, and serving all parties by **June 19, 2006**, a writing which specifically identifies those portions of this Report to which objections are made and the basis of those objections. A party may respond to the objecting party's brief within ten days after service thereof. All briefs filed under this Rules shall be limited to 3500 words. A judge shall make a de novo determination of those portions to which objection is made. This Report and Recommendation does not constitute an order or judgment of the District Court, and it is therefore not appealable directly to the Circuit Court of Appeals.