UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Duc Minh Ha,                                             Case No. 05-mc-0059 (PAM/JSM)

                Petitioner,

v.                                                       **MEMORANDUM AND ORDER**

U.S. Citizenship and Immigration
Services, District Director,

                Respondent.

---

This matter is before the Court on Petitioner's Objection to the Report and Recommendation ("R&R") of United States Magistrate Judge Janie S. Mayeron, which recommended denying the Petition to Amend Certificate of Naturalization. For the reasons set forth below, the Court overrules the Objection and adopts the R&R.

**BACKGROUND**

Petitioner seeks to amend his certificate of naturalization to reflect his date of birth as September 13, 1957, instead of August 19, 1959. Petitioner left Vietnam in 1979. To gain refugee status and enter the United States, he underwent a medical examination during which he reported his age as twenty years old. He also signed a fingerprint card giving his date of birth as August 19, 1959, and his age as twenty. The document awarding refugee status listed his birth date as August 19, 1959. In 1981, Petitioner listed his birth date as August 19, 1959, in his application for permanent residence and on a biographical information form. In 1990, Petitioner became a citizen of the United States. In his application for naturalization, he gave his date of birth as August 19, 1959. The naturalization certificate reflected this date, and

Petitioner certified the information as correct.

The Magistrate Judge recommended denying the Petition because there is no definitive proof of Petitioner's true date of birth. Additionally, the Magistrate Judge found no other justification or good cause to amend the certificate of naturalization, and questioned Petitioner's lengthy delay in obtaining the supposedly correct birth extract from Vietnam. In his Objection, Petitioner urges the Court to accept the affidavits of four witnesses who state that his true birth date is September 13, 1957. He also relies on a birth extract from Vietnam, which lists September 13, 1957 as his date of birth.

**DISCUSSION**

The Court has conducted a de novo review of the record. See 28 U.S.C. § 636(b)(1); D. Minn. LR 72.2(b). Based on the record and Petitioner's Objection, the Court adopts the R&R and denies the Petition.

Petitioner bears the burden to show that the birth date on his certificate of naturalization is incorrect. See Kouanchao v. U.S. Citizenship & Immigration Servs., 358 F. Supp. 2d 837, 837 (D. Minn. 2005) (Davis, J.). Federal regulations governing administrative amendments to certificates of naturalization "are resistant to changing birth dates for any reason other than clerical error on the part of the U.S. officials." Vargai v. INS, Dist. Director, 932 F. Supp. 1245, 1246 (D. Or. 1996); see 8 C.F.R. § 338.5(e) ("The correction will not be deemed to be justified where the naturalized person later alleges that the name or date of birth which the applicant stated to be his or her correct name or date of birth at the time of naturalization was not in fact his or her name or date of birth at the time of the naturalization.") "[C]ourts have

consistently refused such applications absent unequivocal evidence as to the applicant's true date of birth." Liu v. INS, No. 98-mc-139, 1998 WL 809037, at *2 (N.D.N.Y. Nov. 17, 1998) (calling the burden a "stringent" one) (citations omitted); but see Kouanchao, 358 F. Supp. 2d at 840 (finding "good cause" to amend certificate).

Here, there is ample evidence that the date on Petitioner's certificate of naturalization is correct. Petitioner swore to this date of birth numerous times on various immigration and naturalization documents over a period of several years. Moreover, the Petition itself avers that Petitioner was twenty years old in 1979, which would make 1959, not 1957, the year of his birth. Although Petitioner characterizes the affidavits of his family and the birth extract as "unimpeached," the very documents personally completed by Petitioner contradict the affidavits and birth extract. Accordingly, the R&R did not err in finding that Petitioner failed to meet his burden to prove September 13, 1957 as his true birth date.

Petitioner urges the Court to follow Kouanchao, which permitted an amendment to a naturalization certificate, but the Court finds this case factually distinct from Kouanchao in several important respects. In Kouanchao, the petitioner obtained a false birth certificate in order to attend school. Id. at 838. Petitioner offers no such justification for obtaining documents with a supposedly incorrect birth date. In addition, Kouanchao successfully changed his date of birth with the Social Security Administration ("SSA") and the Minnesota Department of Motor Vehicles before seeking to amend his certificate of naturalization. Id. Here, on the other hand, the SSA has refused to modify Petitioner's date of birth. Finally, Kouanchao's birth certificate contained signatures of witnesses to his birth, id., whereas

Petitioner's birth extract contains no such signatures. The R&R did not err in finding Kouanchao inapposite to this case.

**CONCLUSION**

Petitioner has failed to satisfy either the good cause or the unequivocal evidence standard to warrant changing his date of birth on his certificate of naturalization. Accordingly, based on all the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that:

1. Petitioner's Objection to the R&R (Docket No. 7) is **OVERRULED**;

2. The R&R (Docket No. 6) is **ADOPTED**;

3. The Petition to Amend Certificate of Naturalization (Docket No. 1) is **DENIED**; and

4. This case is **DISMISSED with prejudice**.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

Dated: July 14, 2006

                                          s/ Paul A. Magnuson
                                          Paul A. Magnuson
                                          United States District Court Judge